# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNOMEDICAL A/S,<br><br>    *Plaintiff*,<br><br>vs.<br><br>SMITHS MEDICAL MD, INC.,<br><br>    *Defendant*. | CASE NO. 1:09-CV-04375<br><br>JUDGE BLANCHE M. MANNING<br>MAGISTRATE JUDGE SIDNEY I. SCHENKIER<br><br>JURY TRIAL DEMANDED |

### SMITHS MEDICAL'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LIMITED PRODUCTION OF UNOMEDICAL'S MOTION TO DISQUALIFY

Defendant Smiths Medical moves the Court to release the confidential, unredacted version of Unomedical's Motion to Disqualify (Docket Nos. 30-31) to a screened team of attorneys in Kirkland & Ellis LLP's Washington, D.C. office for the narrow purpose of allowing that team to review the motion and prepare an opposition.

This Court's September 16, 2009 Minute Order states that "Smiths declined to seek a copy of the sealed version of the motion." Docket No. 35. Smiths did not intend to waive its opportunity to view the unredacted brief. On August 18, 2009, in connection with agreeing to a briefing schedule on Smiths' pending Motion to Transfer, Unomedical agreed to provide Kirkland with a copy of any Motion to Disqualify before it was filed. Smiths did not hear anything further from Unomedical about the Motion to Disqualify until after Unomedical filed its Motion seeking to indefinitely delay its responses to Smiths' Counterclaims and Motion to Transfer on August 31, 2009. Given Unomedical's stated intent to delay the progress of this case pending a decision by this Court on the Motion to Disqualify, and not wanting any further delay,

Smiths waived its right to review the Motion to Disqualify **prior to it being filed**.[1] But Smiths never intended to waive all rights to review the sealed Motion. Rather, Smiths was prepared to discuss the matter at the September 17, 2009 hearing and to ask how the Court would like the parties to deal with the unredacted, sealed version of Unomedical's disqualification motion.

After this Court issued its September 16, 2009 Minute Order, Kirkland requested that Unomedical provide a copy of the sealed version of the brief to a team of attorneys from Kirkland's Washington, D.C. office (the "Response Team") who will be addressing the motion to disqualify.[2] Despite Unomedical previous agreement to share its disqualification brief with Kirkland before it was even filed, Unomedical has done an about-face and now refuses to provide the sealed version of the brief to anyone at Kirkland. *See* Exhibit A.

While the basic outlines of Unomedical's allegations may be understood from the public version of its motion, that public version is so heavily redacted that Smiths is at a plain disadvantage and cannot know or reasonably respond to the substance of Unomedical's motion, unless, of course, the Court does not intend to rely upon anything outside of the public version. The attorneys currently representing Smiths Medical in this case (the "Litigation Team") will be strictly screened from Response Team, which will act as a gatekeeper to ensure that no Unomedical information that may be construed as confidential is disclosed in any way to Smiths Medical or the Litigation Team.[3]

---

[1] Unomedical has disingenuously asserted that any delay was of Kirkland's own making. *See* Docket No. 27. Kirkland had absolutely no role in the nearly two week delay between Unomedical's August 18 agreement to provide Kirkland a copy of its disqualification motion and its September 1 contact to Smiths regarding the "terms of the motion's disclosure." *See* Mallin Decl., Docket No. 27-3 at ¶ 4.

[2] The Response Team includes Kirkland partners Michael D. Jones and Philippa Scarlett, and associates who will report to them, none of whom have any prior connection to any Kirkland representation of either Unomedical or Smiths Medical.

[3] As previously stated in Smiths' Opposition to Unomedical's Motion for Extension of Time (*see* Docket No. 24 at 2), the Litigation Team has always been completely screened from everyone associated with Kirkland's prior representation of Unomedical.

2

To the extent that the Court will not rely on information or arguments that have been redacted form the public version of Unomedical's disqualification motion, Smiths is prepared to respond to that public version.

## FACTUAL BACKGROUND

I.   **Unomedical's Motion Is Almost Entirely Redacted.**

Unomedical's brief is overwhelmingly redacted. In the entire brief, only two pages have more than a dozen lines without redactions. *See* Docket No. 32. Nearly half of the pages have six or fewer intact lines. *See id*. Entire headings and footnotes are blacked out. *See id*. Indeed, only two out of the ten exhibits to Unomedical's motion appear at all. While Smiths respects the Court's stated belief that the public version is sufficient for the purposes of Smiths' opposition to the motion, Smiths can read less than 30% of the redacted brief, and only 20% of the exhibits.

II.  **Service on the Response Team Will Not Result In Disclosure of Confidential Unomedical Information or Otherwise Harm Unomedical.**

The Litigation Team in Chicago will be prevented from seeing any information disclosed to the Response Team in Washington, D.C. In effect, the Response Team will act as outside counsel to ensure that no confidential information is publicized. Serving Unomedical's unredacted brief on only the Response Team for the narrow purpose of opposing Unomedical's motion will not result in any confidential Unomedical information reaching Smiths Medical or the Litigation Team.

## ARGUMENT

I.   **Screening the Response Team Is Sufficient To Safeguard Any Confidential Unomedical Information.**

"The establishment of effective screening procedures appropriately enforces the ABA Code of Professional Responsibility Canons" regarding confidentiality obligations. *Rockwell Graphics Sys., Inc. v. DEV Indus., Inc.*, No. 84 C 6746, 1991 WL 127592, at *4 (N.D. Ill. June

3

24, 1991). By screening the Response Team in Washington, D.C. from Smiths Medical and the Litigation Team, Smiths will be able to both respond to Unomedical's full motion and ensure the confidentiality of any private Unomedical information.

II. **Unomedical Fails to Carry Its Burden in Its Redacted Brief, To The Extent the Court Is Going To Rely Upon Information in the Sealed Brief, Kirkland Deserves the Opportunity to Review and Respond to That Information.**

As currently redacted, Unomedical's motion for disqualification fails on its face. Whether or not this motion is granted, Smiths will file its full opposition to Unomedical's disqualification motion by September 30, 2009. Briefly, the Motion to Disqualify—if limited to the redacted version—should fail for at least the following reasons:

***First***, Unomedical makes several bald assertions that are factually untrue and that are completely unsupported in the redacted brief. Paramount among them is Unomedical's baseless argument that it is (or was at the time this case was filed) a current Kirkland client. Unomedical provides no evidence in support of that position, instead, the only evidence Unomedical does cite—the engagement letter Unomedical signed with Kirkland—establishes conclusively that Kirkland's representation of Unomedical terminated in December 2007. Specifically, the retention agreement stated that Kirkland's representation of Unomedical would end when the work was substantially completed. Based upon the facts revealed in the public version of the Motion to Disqualify, the last work Kirkland did for Unomedical was in December 2007. ███

███████████████████████████████████████████
███████████████████████████████

***Second***, "[i]n order to show that disqualification is appropriate, the former client advocating disqualification must show that the past representation and current representation are 'substantially related.'" *Misiak v. Morris Material Handling, Inc.*, No. 07 CV 6330, 2008 WL 4874178, at *2 (N.D. Ill. July 10, 2008). ███████████████████████

4

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████ *See* Docket No. 32.

***Third***, Unomedical does not identify in the redacted brief the confidential information that was allegedly shared with Kirkland. Unomedical does allege that certain general categories of information were disclosed, but does not identify any actual confidential information as required. *See, e.g.*, Docket No. 33 at ¶ 2. Instead, Unomedical misconstrues the caselaw, asserts a so-called irrebuttable presumption that confidences were shared (despite a complete absence of any such allegation or evidence of same) and ignores the law of this District that a "presumption [of shared confidences], however, ***is a rebuttable one***." *Roth v. Cont'l Cas. Co.*, 676 F. Supp. 816, 818 (N.D. Ill. 1987) (citing *LaSalle Nat'l Bank v. County of Lake*, 703 F.2d 252, 256 (7th Cir.1983)) (internal citation omitted, emphasis added) (finding that the presumption had been rebutted where, *inter alia*, the attorney "in her affidavit denies any access to privileged and/or confidential matters"); *Novo Terapeutisk Laboratorium A/S v. Baxter Travenol Labs., Inc.*, 607 F.2d 186, 196-197 (7th Cir. 1979) (*en banc*) (affirming denial of motion to disqualify in a patent case and finding that the presumption had been rebutted by affidavits); *see also Schwartz v. Cortelloni*, 685 N.E.2d 871, 878 (Ill. 1997) (adopting the Seventh Circuit's *LaSalle* test).

***Finally***, even if Unomedical's redacted brief was sufficient to establish a conflict of interest—which it is not—Unomedical's brief, as redacted, cannot establish that disqualification is appropriate. "[I]t is well-settled that disqualification does not flow automatically from a finding that a law firm violated a conflict of interest." *Metro. Life Ins. Co. v. Guardian Life Ins. Co.*, No. 06 C 5812, 2009 WL 1439717, at *5 (N.D. Ill. May 18, 2009). To the contrary,

disqualification is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Id.* In order to disqualify Kirkland, **Unomedical must show that it will suffer harm**, or at least be put at a disadvantage, if Kirkland represents Smiths—a burden Unomedical does not even attempt to address in its redacted brief. *See id.* at *5. Perhaps Unomedical alleges some harm in the redacted portions of its motion, but it does not do so in the public version, and has consistently refused to do so since first threatening to seek disqualification.

If there is nothing more to its claims than the sparse information available in its redacted brief, then Unomedical has failed to meet its burden and its motion must fail. There is little substance in Unomedical's redacted papers, and what is there does not come close to meeting the burden Unomedical must carry to disqualify Smiths' counsel. Smiths deserves the opportunity to review and respond to Unomedical's full arguments and evidence before it is deprived of its chosen counsel, to the extent the Court intends to rely on the redacted evidence.

## CONCLUSION

Smiths respectfully requests that the Court order Unomedical to serve an unredacted version of its Motion to Disqualify and all supporting exhibits and declarations on the Response Team in Kirkland's Washington, D.C. office for the narrow purpose of opposing that motion.

6

Dated: September 18, 2009

Respectfully submitted,

By: */s/ Barry F. Irwin, P.C.*
Barry F. Irwin, P.C. (# 6211213)
Matthew D. Satchwell (#6290672)
Sarah L. Burstein (#6292486)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
barry.irwin@kirkland.com
matthew.satchwell@kirkland.com
sarah.burstein@kirkland.com

*Counsel for Defendant,*
*Smiths Medical ASD, Inc.*

\* \* \*

### STATEMENT OF COMPLIANCE WITH LR 37.2

Smiths' counsel requested that Unomedical agree to provide the Response Team with the unredacted version of Unomedical's brief on September 16, 2009. On September 17, 2009, Unomedical's counsel refused to provide that brief.

\* \* \*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 18, 2009** I caused a true and correct copy of the foregoing document, **SMITHS MEDICAL'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LIMITED PRODUCTION OF UNOMEDICAL'S MOTION TO DISQUALIFY** was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Robert S. Mallin
>Anastasia Heffner
>Benjamin Carter Findley
>BRINKS HOFER GILSON & LIONE
>NBC Tower, Suite 3600
>455 N. Cityfront Plaza Dr.
>Chicago, Illinois 60614
>312.321.4200 (Telephone)
>312.321.4299 (Facsimile)
>rmallin@usebrinks.com
>aheffner@usebrinks.com
>bfindley@usebrinks.com

Dated: September 18, 2009

*/s/ Barry F. Irwin, P.C.*
Barry F. Irwin, P.C. (# 6211213)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
barry.irwin@kirkland.com

*Counsel for Defendant,
Smiths Medical ASD, Inc.*

8

## AMENDED CERTIFICATE OF SERVICE

Pursuant to the Court's December 22, 2009 Order (Docket No. 96), I hereby certify that on **January 4, 2010** I caused a true and correct copy of the foregoing document, **SMITHS MEDICAL'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LIMITED PRODUCTION OF UNOMEDICAL'S MOTION TO DISQUALIFY (RE-FILED VERSION OF DOCKET NO. 37),** was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Robert S. Mallin
> Anastasia Heffner
> Benjamin Carter Findley
> **BRINKS HOFER GILSON & LIONE**
> NBC Tower, Suite 3600
> 455 N. Cityfront Plaza Dr.
> Chicago, Illinois 60614
> 312.321.4200 (Telephone)
> 312.321.4299 (Facsimile)
> rmallin@usebrinks.com
> aheffner@usebrinks.com
> bfindley@usebrinks.com

Dated: January 4, 2010

> */s/ Barry F. Irwin, P.C.*
> Barry F. Irwin, P.C. (# 6211213)
> **KIRKLAND & ELLIS LLP**
> 300 N. LaSalle Street
> Chicago, Illinois 60654
> 312.862.2000 (Telephone)
> 312.862.2200 (Facsimile)
> barry.irwin@kirkland.com
>
> *Counsel for Defendant,*
> *Smiths Medical ASD, Inc.*