UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNOMEDICAL A/S, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-4375 |
| v. ) | |
| ) | Judge John W. Darrah |
| SMITHS MEDICAL MD, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Unomedical A/S ("Unomedical"), brought suit against Defendant, Smiths Medical MD, Inc. ("Smiths"), alleging patent infringement. Before the Court is Smiths' Motion to Transfer.

The following facts are taken from affidavits and other documentary evidence submitted in connection with Smiths' Motion to Transfer. Unomedical, a Danish company, filed this patent-infringement suit against Smiths in the Northern District of Illinois. Smiths is a Delaware corporation with its principal place of business in Minnesota. It also has an office located in this district. The product at issue in this case is Smiths' CLEO® infusion set (the "CLEO"). Smiths claims that the CLEO was developed in Minnesota by Smiths employees and that no inventive activity related to the CLEO took place in Illinois. Smiths also states that most of the witnesses and important documents are located in Minnesota. Thus, Smiths asserts that it would be more convenient to litigate this matter in Minnesota and asks this Court to transfer this case to the United States District Court for the District of Minnesota.

## LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court must consider a variety of statutory factors in light of all the circumstances on a case-by-case basis. *See Coffey v. Van Dorn Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*). The movant bears the burden of establishing that the transferee forum is clearly more convenient; the decision lies in the sound discretion of the trial judge. *Id.* The court may consider facts presented by way of "affidavit, deposition, stipulation, or other relevant documents." *Allstate Ins. Co. v. Mathison*, No. 02 C 418, 2002 WL 1396951, at *5 (N.D. Ill. June 26, 2002) (quoting *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983)).

## ANALYSIS

A party seeking transfer must show the following: (1) that venue is proper in both the transferor and the transferee courts; (2) that transfer is for the convenience of the parties and witnesses; and (3) that transfer is in the interest of justice. 28 U.S.C. § 1404(a); *Coffey*, 796 F.2d at 219.

*Venue in the Transferor and Transferee Courts*

The first requirement is not in dispute. Both parties agree that venue and jurisdiction are proper in the Northern District of Illinois (the transferor court) and the District of Minnesota (the transferee court).

2

*Convenience of Parties and Witnesses*

In evaluating the convenience of the parties and of the witnesses, courts in this District consider five factors: (1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties litigating in the respective forum; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

"A plaintiff's choice of forum is generally given substantial weight, particularly when the chosen forum is the plaintiff's home forum. However, where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim, the deference traditionally given to that selection is lessened." *Juarez v. Nat'l R.R. Passenger Corp.*, No. 06 C 3681, 2007 WL 2713357, at *2 (N.D. Ill. Sept. 12, 2007).

Unomedical is a Danish corporation. No strong connection with this District is apparent from the materials submitted in connection with this Motion. It appears that Unomedical chose to file in a district that has no greater connection to this case than other districts in which the CLEO was sold. Therefore, the fact that Unomedical chose this forum only slightly favors transfer.

The second factor considered is the situs of material events. For the following reasons, Smiths argues that most of the material events relevant to this case occurred in Minnesota: (1) Smiths' principal place of business is in Minnesota; (2) the CLEO was designed and developed in Minnesota; and (3) Smiths decided to launch the CLEO in Minnesota. Smiths admits that it no longer manufactures the CLEO in Minnesota.

3

Smiths also admits that it sells the CLEO in Illinois. Moreover, "material events of a patent infringement case do not revolve around any particular situs. The trier of fact determines patent infringement by comparing the alleged infringing device with the language of the claims." *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Thus, the fact that Smiths sells the CLEO in Illinois, coupled with the fact that patent infringement cases generally do not revolve around a particular situs of events does not weigh in favor of transfer.

Although access to proof is a relevant factor in determining whether another venue is clearly more convenient, that factor generally is not of great significance. Modern technology makes it easier than ever before to access key documents. *Abbott Labs v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *4 (N.D. Ill. Oct. 23, 2007). In patent cases, "no matter where the trial is held, all relevant documents – regarding both the patented invention and the allegedly infringing technology – will have to be collected, copied, and sent to the offices of trial counsel." *Id.* (quoting *CoolSavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999)). Because documents now are easily scanned, stored, and electronically transmitted, moving them no longer creates the onerous burden it may once have imposed. *See Lancelot Investors Fund v. TSM Holdings*, No. 07 C 4023, 2007 U.S. Dist. LEXIS 78881, at *13 (N.D. Ill. Oct. 24, 2007) (denying motion to transfer where "easily transferable paperwork will make up the bulk of the non-testimonial evidence in this matter and plaintiff has shown that some evidence will be found in the Chicago area").

Smiths argues that development documents, prototypes, and physical specimens of the CLEO are also located in Minnesota and cites *Deere & Co. v. Howard Price Turf Equip., Inc.*, No. 99 C 4169, 1999 WL 1101215, at *5 (N.D. Ill. Dec. 1, 1999) (*Deere*), to support its assertion that shipping specimens would be somewhat burdensome. In *Deere*, however, the item at issue was a "bulky vehicle"; in this case, it is an insulin pump. More importantly, transfer was denied in *Deere*; despite the bulk of the prototype, the *Deere* court did not think that the cost of shipping it was significant enough to transfer the case. *Id.* Thus, this factor does not weigh in favor of transfer.

Another factor for this Court to consider is the convenience of the competing forums to the litigants. The parties' respective residences and their ability to bear the expenses of litigation in a particular forum are relevant inquiries. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). A case should not be transferred if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Id.* Smiths asserts that Minnesota is the more convenient forum for Smiths and that Minnesota is no less convenient a forum for Unomedical than Illinois. Smiths notes that Unomedical has no place of business in Illinois and contends that Unomedical only selected this District because its attorneys are located in Chicago.

Unomedical, on the other hand, argues that this District is more convenient because its employees and witnesses would have access to non-stop flights from Denmark to Chicago. However, the lack of non-stop flights to Minnesota would not appear to pose as great a burden as Unomedical claims. Smiths points out that non-stop

flights from Denmark to Chicago are more expensive than flights from Denmark to Minneapolis and that flights to Minneapolis only add about two hours of travel time. Therefore, this factor weighs only slightly in favor of transfer.

Moreover, when considering the convenience to parties and witnesses, the primary concern is not the convenience to the *parties* but the convenience to the *witnesses*, especially non-party witnesses. *Bullard v. Burlington N. Santa Fe Ry.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily."). The party requesting the transfer has the burden of demonstrating "who its witnesses are, the nature of their testimony, and how important that testimony will be to the case." *Cent. States, Se. & Sw. Area Pension Fund v. Salusnek*, 977 F. Supp. 888, 891 (N.D. Ill. 1997).

Smiths argues that it has met this burden by identifying potential witnesses who can testify about the design, manufacture, marketing and assembly of the CLEO. But Smiths acknowledges that most of these witnesses are Smiths' employees, thus ignoring the presumption that employees will voluntarily appear on behalf of their employers. Smiths has not identified a single non-party witness who resides in the District of Minnesota.

Unomedical, on the other hand, does identify a non-party witness who resides in this district: "Jane Doe," a Chicago attorney who was responsible for prosecuting the patent in dispute. Smiths contends that Jane Doe is not a third party because she works

6

for the same firm that represents Unomedical in this lawsuit, citing *Advertising to Women v. Gianni Versace S.p.A.*, 48 U.S.P.Q.2d. 1046 (N.D. Ill. 1998) (*Versace*).

In *Versace*, the defendant intended to call non-party witnesses from Giver and Versace Profumi (both non-party companies) because they were responsible for the sale and distribution of the products in dispute. *Id.* at 1046. However, because the defendant in that case owned 75 percent of Giver, which in turn owned 100 percent of Versace Profumi, the court was hard pressed to designate employees of those companies as third parties for purposes of resolving a motion to transfer. *Id.* at 1048-49. Smiths alleges that Jane Doe's status is akin to the employees in *Versace*. However, Smiths has not shown that Jane Doe is under Unomedical's control such that she should be treated as an employee for purposes of evaluating the convenience of the parties and witnesses. Thus, the only non-party witness identified by either party resides in this district; therefore, this factor weighs against transfer.

### *Interest of Justice*

The final requirement to be addressed when deciding whether to grant a motion to transfer venue is whether the transfer would be in the interest of justice. In this analysis, factors considered embrace traditional notions of judicial economy and focus on the speed at which cases proceed to trial and the courts' familiarity with applicable law and desire to resolve controversies in their respective locales. *TIGS Ins. Co. v. Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996).

Smiths asserts that, on average, it takes less time for cases to go from filing to trial in Minnesota. According to the 2009 Federal Court Management Statistics (available at

www.uscourts.gov), however, the median time between filing and trial of civil actions was 27.8 months in this district, compared to 27.0 months in the District of Minnesota. Thus, any delay is negligible. Moreover, because these statistics do not parse out the various types of cases that could be brought in federal court, they can be relatively meaningless. *See Rabbit Tanaka v. Paradies Shops Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009). As such, the statistics do not necessarily reflect the time it will take a specific case to go from filing to trial. Additionally, the Northern District of Illinois has adopted local patent rules to facilitate predictability and planning for patent cases, such as this one. The District of Minnesota does not have such rules. This factor does not weigh in favor of transfer.

Neither party disputes that this Court and the United States District Court for the District of Minnesota are familiar with the law applicable to this case. Therefore, this factor also does not weigh in favor of transfer.

Finally, Smiths argues that because this lawsuit is based on events that mostly took place in Minnesota, the United States District Court for the District of Minnesota has a stronger interest in litigating this case than this Court. However, Smiths admits to selling the CLEO in Illinois. This, coupled with the fact that Smiths has an office in Vernon Hills, Illinois, also indicates that this Court has an interest in adjudicating this case. The "Northern District of Illinois has an interest in protecting its citizens from infringement and preventing infringers from operating within its boundaries." *Technical Concepts L.P. v. Zurn Indus. Inc.*, No. 02 C 5150, 2002 WL 31433408, at *7 (N.D. Ill. Oct. 31, 2002). Thus, both forums have an interest in hearing this suit. To the

extent Minnesota's might be greater, it is only slightly so. Therefore, at most, this factor weighs only slightly in favor of transfer.

Ultimately, the majority of the relevant factors do not weigh in favor of transferring this action to the United States District Court for the District of Minnesota. Accordingly, Smiths' Motion to Transfer is denied.

## CONCLUSION

Smiths has not demonstrated that the convenience of all parties and witnesses, as well as the interest of justice, clearly requires that this case be transferred to Minnesota. For the reasons stated above, Smiths' Motion to Transfer is denied.

Date: June 30, 2010
6-30-2010

JOHN W. DARRAH
United States District Court Judge

9