UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNOMEDICAL A/S, | ) |
| *Plaintiff*, | ) CASE NO. 1:09-CV-04375 |
| vs. | ) |
| SMITHS MEDICAL MD, INC., | ) Judge John W. Darrah |
| *Defendant*. | ) Magistrate Judge Sidney I. Schenkier |

## UNOMEDICAL'S ANSWER TO THE AMENDED COUNTERCLAIMS OF SMITHS MEDICAL ASD, INC. (DKT. 19)

Plaintiff and Counter-Defendant Unomedical A/S ("Unomedical"), by and through its attorneys, hereby answers Smiths Medical ASD, Inc.'s ("Smiths") amended counterclaims filed on August 24, 2009 as follows:

### SMITHS' AMENDED COUNTERCLAIMS

23. Counter-Plaintiff Smiths is a Delaware corporation, with a principal place of business at 1265 Grey Fox Rd., St. Paul, Minnesota 55112.

**ANSWER**: Upon information and belief, Unomedical admits that Counter-Plaintiff Smiths is a Delaware corporation, with a principal place of business at 1265 Grey Fox Rd., St. Paul, Minnesota 55112.

24. Counter-Defendant Unomedical claims it is a Danish corporation with its principal place of business at Birkerød Kongevej 2, DK-3460 Birkerød, Denmark.

**ANSWER**: Unomedical admits that it is a Danish corporation with its principal place of business at Birkerød Kongevej 2, DK-3460 Birkerød, Denmark.

25. These are counterclaims for a declaratory judgment of noninfringement and invalidity of patents arising under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 100, *et seq.*; for tortious interference with prospective business relations; for unfair competition under the Lanham Act, specifically 15 U.S.C. § 1125; for unfair competition under the Minnesota Uniform Deceptive Trade Practices Act MINN. STAT. § 325D.43 *et seq.*; and for damages and an injunction for violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2 *et seq.*, the Clayton Act, 15 U.S.C. §§ 15 and 26 and the Minnesota Antitrust Law of 1971, MINN. STAT. § 325D.49 *et seq.*

**ANSWER**: Unomedical admits that Smiths has brought counterclaims for a declaratory judgment of noninfringement and invalidity of patents arising under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 100, *et seq.*; for tortious interference with prospective business relations; for unfair competition under the Lanham Act, specifically 15 U.S.C. § 1125; for unfair competition under the Minnesota Uniform Deceptive Trade Practices Act MINN. STAT. § 325D.43 *et seq.*; and for damages and an injunction for violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, *et seq.*, the Clayton Act, 15 U.S.C. §§ 15 and 26 and the Minnesota Antitrust Law of 1971, MINN. STAT. § 325D.49 *et seq.*, but denies the remaining averments and denies that such allegations are true.

26. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 (federal question), 1337(a) (antitrust), 1338(a) (patents), 1338(b) (unfair competition joined with a patent claim), 1367 (supplemental jurisdiction), 2201(a) (declaratory judgment) and 15 U.S.C. §§ 4 (antitrust), 15 (antitrust), 1121 (Lanham act).

**ANSWER**: Unomedical admits that Smiths' counterclaims invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 (federal question), 1337(a) (antitrust), 1338(a) (patents), and 2201(a) (declaratory judgment) and 15 U.S.C. §§ 15 (antitrust) and 1121 (Lanham act). Unomedical denies the remaining averments of this paragraph.

27. This Court has personal jurisdiction over Unomedical because Unomedical has availed itself of this Court.

**ANSWER**: Admitted.

28. Venue is proper in this Court under 28 U.S.C. § 1391(d) and under 15 U.S.C. § 22, because Unomedical is an alien corporation or can be found or is transacting business in this District and because Unomedical's wrongful conduct, in part, has occurred in this District. Venue is also proper in this Court because Unomedical has availed itself of this Court.

**ANSWER**: Unomedical admits that venue is proper in this Court under 28 U.S.C. § 1391(d) and under 15 U.S.C. § 22 because Unomedical is an alien corporation or can be found or is transacting business in this District. Unomedical also admits venue is also proper in this Court because Unomedical has availed itself of this Court. Unomedical denies the remaining averments of this paragraph and denies that such allegations are true.

29. The patent asserted against Smiths in this case is U.S. Patent No. 7,407,493 (the "'493 patent").

**ANSWER**: Admitted.

**COUNTERCLAIM COUNT I**
Invalidity of the '493 Patent

30. Smiths realleges and incorporates herein by reference Paragraphs 1-29.

**ANSWER**: Paragraphs 1-11 contain Unomedical's averment and allegations such that an answer is not required, except that Unomedical realleges and reincorporates its averments made in those paragraphs. Paragraphs 12-22 contain Smiths' amended affirmative defenses, and Unomedical denies the allegations contained in those defenses. Smiths' Fourth, Seventh and Ninth affirmative defenses also are the subject of Unomedical's Motion To Strike Smiths' Fourth, Seventh and Ninth Affirmative Defenses and Dismiss Smiths' Non-Patent Counterclaims ("Unomedical's Motion to Dismiss"). Unomedical herein reincorporates its answers to paragraphs 23-29.

31. In Paragraphs 8-11 of its Complaint, Unomedical has made general allegations that the '493 patent is infringed by Counter-Plaintiff through the manufacture, use, sale or offer for sale of products such as the CLEO® Infusion Set.

**ANSWER**: Unomedical admits that in Paragraphs 8-11 of its Complaint, Unomedical alleges that the '493 patent is infringed by Counter-Plaintiff Smiths through the manufacture, use, sale or offer for sale of products such as the CLEO® Infusion Set. The remaining averments of this paragraph are denied.

32. Unomedical's actions and allegations have created a case or controversy between Smiths and Unomedical.

**ANSWER**: Unomedical admits that there is a case or controversy between Smiths and Unomedical. The remaining averments of this paragraph are denied.

33. Each asserted claim of the '493 patent is invalid, *inter alia*, for at least one of the following reasons: failure to comply with United States patent law, 35 U.S.C. § 1 *et seq.*; failure to claim patentable subject matter under 35 U.S.C. § 101; anticipation under 35 U.S.C. § 102; obviousness under 35 U.S.C. § 103; failure of the specification to comply with 35 U.S.C. § 112; and/or failure to comply with one or more of the requirements of 35 U.S.C. § 112.

**ANSWER**: Denied.

34. Smiths is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that each asserted claim of the '493 patent is invalid.

**ANSWER**: Denied.

**COUNTERCLAIM COUNT II**
Noninfringement of the '493 Patent

35. Smiths realleges and incorporates herein by reference Paragraphs 1-34.

**ANSWER**: Paragraphs 1-11 contain Unomedical's averment and allegations such that an answer is not required, except that Unomedical realleges and reincorporates its averments made in those paragraphs. Paragraphs 12-22 contain Smiths' amended affirmative defenses, and Unomedical denies the allegations contained in those defenses. Smiths' Fourth, Seventh and Ninth affirmative defenses also are the subject of Unomedical's Motion to Dismiss. Unomedical herein reincorporates its answers to paragraphs 23-34.

36. Smiths' products lack one or more limitation of any valid claim, both literally and by equivalence (including under the doctrine of prosecution history estoppel).

**ANSWER**: Denied.

37. Smiths is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that their accused products do not infringe any valid claims of the '493 patent.

**ANSWER**: Denied.

### COUNTERCLAIM COUNT III
Tortious Interference with Prospective Economic Advantage

38. – 46. This counterclaim is the subject of Unomedical's Motion to Dismiss.

### COUNTERCLAIM COUNT IV
Violation of the Lanham Act

47. – 54. This counterclaim is the subject of Unomedical's Motion to Dismiss.

### COUNTERCLAIM COUNT V
Violation of the Minnesota Deceptive Trade Practices Act

55. – 59. This counterclaim is the subject of Unomedical's Motion to Dismiss.

### COUNTERCLAIM COUNT VI
Sherman Act § 2, Monopolization

60. – 138. This counterclaim is the subject of Unomedical's Motion to Dismiss.

### COUNTERCLAIM COUNT VII
Sherman Act § 2 Attempt to Monopolize

139. – 144. This counterclaim is the subject of Unomedical's Motion to Dismiss.

### COUNTERCLAIM COUNT VIII
Minnesota Antitrust Law Monopolization and Attempt to Monopolize

145. – 151. This counterclaim is the subject of Unomedical's Motion to Dismiss.

## DEMAND FOR JURY TRIAL

152. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Smiths demands a trial by jury of this action and all claims, defenses, and counterclaims so triable.

**ANSWER**: This paragraph does not contain any averments such that a response is required, except to state that Unomedical denies that Smiths is entitled to any of the relief requested in paragraphs a-o of Smiths Medical ASD, Inc.'s Answer To Unomedical A/S's Complaint, Amended Defenses, And Amended Counterclaims (Dkt. 19).

Dated: October 1, 2010

/s/ Manish K. Mehta
Robert S. Mallin, Esq. (IL 6205051)
Anastasia Heffner, Esq. (IL 6272389)
Manish Mehta, Esq. (IL 6290204)
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299
rmallin@usebrinks.com
aheffner@usebrinks.com
mmehta@usebrinks.com

Attorneys for Plaintiff
UNOMEDICAL A/S

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of Unomedical's Answer to the Amended Counterclaims of Smiths Medical ASD, Inc. (Dkt. 19) was served on this 1st day of October, 2010, to the following attorneys:

**VIA NOTICE OF ELECTRONIC FILING THROUGH CM/ECF SYSTEM**

Edward T. Colbert (# 206425)
John R. Hutchins (# 456749)
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
202.220.4200 (Telephone)
202.220.4201 (Facsimile)
ecolbert@kenyon.com
jhutchins@kenyon.com

K. Patrick Herman (# 4333266)
KENYON & KENYON LLP
One Broadway
New York, NY 10004
212-425-7200 (Telephone)
212-425-5288 (Facsimile)
pherman@kenyon.com

Champ W. Davis, Jr. (# 587192)
Davis McGrath LLC,
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
312.332.3033 (Telephone)
312.332.6376 (Facsimile)
cdavis@davismcgrath.com

/s/ Manish K. Mehta
BRINKS HOFER GILSON & LIONE